IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-115-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $5,000.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the undersigned on the Motion for Entry of Default [DE-9] filed by Plaintiff United States of America. For the reasons set forth below, the motion is DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Pursuant to Local Admiralty Rule C(4), default may be entered upon the showing that (1) notice has been given as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and (2) that no claim has been served or filed within the time prescribed by Supplemental Rule G(5).

Generally, Supplemental Rule G(4) requires a plaintiff to provide two separate manners of notice: (1) notice by publication, unless the property is worth less than $1,000, and (2) notice to known potential claimants. The record shows that plaintiff has provided the former, by posting a notice on an official internet government forfeiture site for at least 30 consecutive days. *See* Fed. R. Civ. P. Adm. Supp. R. G(4)(a); *see also* Advertisement Certification Report [DE-8-

3]. The record does not allow, however, the clerk to find that the latter requirement has been met with regard to all known potential claimants.

With regard to notice to known potential claimants, the relevant portion of Supplemental Rule G(4)(b) provides:

(iii) Sending Notice.
(A) The notice must be sent by means reasonably calculated to reach the potential claimant.
(B) Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case.
(C) Notice sent to a potential claimant when incarcerated must be sent to the place of incarceration.

Fed. R. Civ. P. Adm. Supp. R. G(4)(b)(iii). Here, plaintiff provided potential known claimant Shkumbin Sherifi with notice by serving him personally. *See* US 285 Form [DE-7]. This satisfies Supplemental Rule G(4). Plaintiff also appears to have attempted service to the known potential claimant Nevine Aly Elshiekh pursuant to Supplemental Rule G(4)(b)(iii)(C).

Plaintiff's attempted service pursuant to Supplemental Rule G(4)(b)(iii)(C) is not sufficient. Plaintiff asserts it sent a notice to Elshiek by certified mail to her place of incarceration. *See* Fed. R. Civ. P. Adm. Supp. R. G(4)(b)(iii)(C) (providing that "[n]otice sent to a potential claimant who is incarcerated must be sent to the place of incarceration"). Although plaintiff attaches a certified mail receipt showing that an individual signed for the package at Elshiek's place of incarceration, this alone is insufficient in the Fourth Circuit. *See United States v. Minor*, 228 F.3d 352, 358(4th Cir. 2000) (stating that the Due Process clause could be satisfied in most cases if the government shows that a prison official signed for certified mail and that mail delivery procedures existed at the prison facility that were reasonably calculated to ensure that notice addressed to an inmate would reach him upon arrival at the prison).

2
Case 7:15-cv-00115-BR   Document 11   Filed 01/15/16   Page 2 of 3

Here, plaintiff has not shown that a prison official signed for the certified mail or what mail delivery procedures are used at the facility where Elshiek is incarcerated. Consequently, the record does not show that notice was given as required by Supplemental Rule G(4), and the motion for entry of default is DENIED without prejudice to renew within 30 days.

SO ORDERED. This the 15th day of January, 2016.

Julie Richards Johnston
Clerk of Court

3
Case 7:15-cv-00115-BR   Document 11   Filed 01/15/16   Page 3 of 3